H. E. Jackson, Sp. J.,
delivered the opinion of the court:
The supreme court [in Taylor v. Chandler, 9 Heis., 349], having declared the original Nicholson paving tax unconstitutional [Acts 1866-67, ch. 8, sec. 4], an act of the legislature was passed and approved 24th March, 1873 *694 [Acts 1873, ch. 67], authorizing cities and incorporated towns, in cases where former levies and assessments had been held void, "to levy a tax, in addition to all other taxes allowed by law . . . sufficient to cover the entire cost of the improvement, with interest thereon, for which said special assessments were illegally made,” .... with authority "to allow as valid payments on said additional tax any sum or sums with interest paid by persons in satisfaction or part satisfaction of said special assessments illegally levied and collected as aforesaid.” The object of this act was tc make such improvements (as the Nicholson pavement), a general charge upon the property of the city, and to. secure to. individuals who had already paid under the special illegal assessments, the right to use such payments as valid credits or payments on said additional general tax, so as to. thereby prevent them from paying twice. For the purpose of carrying this provision of the act into effect, an ordinance was adopted hy the city council of Memphis on the 25th day of June, 3873, authorizing the mayor to issue certificates of indebtedness to persons holding receipts for payments made for laying of the Nicholson & Stone pavements in the streets and alleys of the city under the provisions of the' charter and ordinances, which had been held by the supreme court to he unconstitutional, which certificates were to be receivable only in payment of any tax that might be levied by the city of Memphis to cover the entire costs of laying the said pavements. In pursuance of this ordinance, the city, in July, 1873, issued to W. B. Greenlaw, Jr., several certificates of indebtedness in the following form, viz.:
“No. 82. Certificate of Indebtedness $1,724.33.
Mayor’s Office, Memphis, Tennessee.
“The city of Memphis is indebted to W. B. Greenlaw, Jr., or order, in the sum of seventeen hundred and twenty-four 33-100 dollars to bear interest at the rate of six per centum *695 per annum from tbe 29tb day of December, 1868, until t-bis certificate is redeemed.
“This certificate is issued under tbe provisions of an ordinance approved tbe 25th day of June, 1878, passed in accordance with an act of tbe legislature, approved on tbe 24th of March, 1873, authorizing the mayor to issue certificates of indebtedness to persons bolding receipts for payments made for laying of tbe Nicholson & Stone pavements in tbe streets and alleys of the city, under’ tbe provisions of tbe charter and ordinances of tbe city, which have been held by tbe supreme court to be unconstitutional, and is receivable only in payment of any tax that may be levied by tbe city of Memphis to cover tbe entire-costs of laying tbe said pavements.
'‘Witness tbe signature of tbe mayor and tbe seal of tbe city, tins, tbe 21st day of July, 1873.
“(Seal) John Loague, Mayor.
“Attest: L. R. Richards, City Recorder.
“Indorsed: Registered, Ered C. Shafer, Comptroller.”
W. B. Greenlaw, Jr., produced and surrendered to tbe city vario-us Nicholson pavement tax receipts, -of Avhich be made affidavit that be was tbe bolder, and owner, when said certificates were issued to him. After obtaining! said certificates, which sum, after their issuance by tbe city, became a local curency for taxpayers, W. B. Greenlaw, Jr., indorsed and disposed of two of them, No. 75 for $1,585.13, which was purchased for its market value by tbe Mechanics & Traders’ Bank of Memphis, and No. 82 for $1,724.33, which was acquired in tbe same manner by Sam’l. H. Coward. Tbe city having levied tbe general additional tax to pay for the cost of said improvements, as provided by tbe act of March 24th, 1873, it soon became evident that the above tax certificates in so large amounts were unavailable to the holders, but few if any taxpayers needing or requiring such sums to meet that particular tax. To- obviate this difficulty and provide for getting in such indebtedness, *696 the city council, by ordinance passed and approved February 12, 1874, “authorized and required the mayor to- issue to persons or corporations holding certificates of indebtedness for payments made for Nicholson & Stone pavements, change warrants of the denominations of one, two and a half, five, ten, twenty and fifty dollars, whenever any such person or corporation presents their certificates of indebtedness and surrenders the same, and demands the change as provided for.” This ordinance also prescribed the. form of said “change warrants,” which, after stating amount of indebtedness, etc., recited that “this warrant is issued under the provisions of an ordinance approved June 25th, 1873, and is receivable in payment of the tax already levied, and to be levied by the general council, to reimburse those who have paid for Nicholson & Stone pavements, but not available in payment of any other dues.” SamT II. Coward and the Mechanics’ & Traders’ Bank of Memphis, as the holders of the aforesaid certificates Nos. 82 and 75, each made application to the mayor for “change warrants.” Having been refused by John Loague, the mayor, they each filed petitions- in the first circuit court of Shelby county, asking for writs of mandamus against him to compel him to issue to them “change warrants” for their said certificates of indebtedness. An alternative writ of mandamus issued, to which John Loague made return, admitting all the general allegations of the petition, except the right of the relators to- the two certificates of indebtedness on which the “change warrants” were demanded. His return averred that those certificates were wrongfully issued to or obtained by W. B. Greenlaw, Jr., that they should have been issued to W. B. Greenlaw, Sr., that the certificates not being negotiable instruments, such as pass by indorsement and delivery, the relators, as assignees of W. B. Greenlaw, Jr., acquired no right -or title thereto. Keplications were filed by the relators putting these matters in issue, and setting up that W. B. Greenlaw, Sr., was *697 estopped by bis acts from asserting any claim, or title to said certificates. Tbe case was bear’d upon tbe petition, alternative mandamus, tbe return, and tbe proof on both sides, and tbe circuit judge being of tbe opinion tbat tbe causes relied on for refusing to issue to tbe relators tbe “change warrants” demanded, were insufficient, ordered that a peremptory mandamus issue against tbe defendant, John Loague, to tbe end tbat be issue immediately to tbe relators “change warrants,” in lieu of their said certificates. Iiis motion for a new trial being overruled, John Loague tendered bis bill of exceptions, and appealed in error to this court.
It is clear that tbe ordinance of February 12, 1874, authorizing and requiring tbe mayor to issue said “change warrants” to persons bolding said certificates of indebtedness, imposed a purely ministerial duty upon tbe defendant, for tbe nonperformance of which tbe writ of mandamus was tbe proper and appropriate remedy. We think it also olear tbat tbe proof fails to establish tbe excuse relied on in defendant’s return for refusing to issue said “change warrants,” viz.: Tbat said certificates, Nos. 75 and 82, were wrongfully issued to W. B. Greenlaw, Jr.
We are further of tbe opinion, under tbe facts disclosed in the record, tbat if W. B. Greenlaw, Sr., ever bad any right, title, or interest in said certificates, tbat be has knowingly waived and relinquished the same; tbat tbe relators are tbe lawful holders and owners thereof.
Tbe question of tbe negotiability of these certificates has been elaborately discussed in tbe briefs of counsel, but tbe determination of tbat point is not necessary to tbe present decision.
Tbe ordinance requiring tbe defendant to issue these “change warrants” extends to any and all persons bolding such certificates. If tbe certificates are not negotiable, they are certainly assignable so as to confer upon tbe as-signee tbe beneficial ownership, and constitute him such a *698 bolder of tbe certificates as entitled bim to tbe benefits of said ordinance.
It follows that there is no error in tbe judgment of tbe circuit court, and tbe same is affirmed with costs.