MoEae.laNB, J.,
delivered tbe opinion oí the court:
This is a motion to strike out the return of the defendants to a peremptory writ of mandamus issued from this court, and to attach the city council for contempt in disobeying the process. Strictly speaking, there can be no such a return to the peremptory writ of mandam-us; from its very nature it requires implicit obedience, and only a certificate of obedience and of what has been done in its execution, are allowed. High on Extraordinary Legal Remedies, sec. 548. The process must be obeyed; if disobeyed, further steps may he taken to compel obedience, and besides, the parties disobeying may be punished for contempt.
The peremptory writ in this case commanded the city council of Memphis to assess, and levy, and provide for the collection of a special tax, in addition to all other taxes allowed hv law to he collected for the year 1875, upon all taxable property in the city of Memphis, in the lawful money of the United States, sufficient in amount, after making due allowances for errors and* insolvencies, to pay the relator’s debt, principal, interest, and costs, and as fast *186 as collected, to pay the same over to the relator, or his attorney.
The city council say they have obeyed the mandate. They exhibit a copy of an ordinance passed the 27th of December, 1875, entitled “an ordinance levying sundry mandamus tax,” -which ordains that a special tax of fifty cents on the $100 worth of taxable property, be levied for the purpose of paying to the persons named in the within lists, the amounts set opposite their names, upon presentation of the claims upon which their mandamus proceedings were based, the money to be paid over as fast as collected; -when collections are not sufficient to pay all, a pro rata to be paid to each. Then follows a list of persons having-claims, with the amounts of their claims, among which is the relator.
In explanation, it is said mandamus proceedings had been had in all those cases, some from this and some from other courts. And instead of levying- a separate special tax to pay the claim,, the council undertook to comply with the several mandates by levying one special tax sufficient to pay them all; it is shown the amount of this assessment upon the taxable property in the city would be sufficient, aside from errors and insolvencies.
The defendants further certify that part of this tax they have caused to be collected and paid over, the relator, Bethel, receiving $1,232, or 28 per cent, -of his claim; other of the parties named had been paid in full. The manner in which some were paid in full, was that by an act passed the 23d of March, 1875, a part of the city charter, it is provided that all taxes falling due after the 1st of January, 1875, shall be payable in current funds or in past due indebtedness of the city for the current year, in kind or such as the tax for which it is received might be applied after collection.” In accordance with this, they passed an ordinance, which, in substance, authorized the collector to receive in payment of this special tax any of the claims it was levied to pay, and by assigning their claims, or portions *187 of them, to tbe taxpayers, some of tbe parties named bave received their debts in full while others received only 28 per cent., being their pro rata of the money actually collected. They say they have used all the means in their power to collect the money; that the realty upon which the tax was levied and remains unpaid, has been duly reported and condemned to be sold, but no money was realized — it had to be bid in for the taxes; that they will proceed as fast as the remedies afforded by law will allow, to collect and pay over the money. They further say- that the tax collector of the city, an independent officer, elected by the people, lias been advised that said tax was not laid upon merchants’ capital, and has, accordingly, failed to collect the same; and defendants subihit to the court whether said tax was properly leviable upon said merchants’ capital, and aver their readiness at all times to perform the orders of the court.
The first question is, whether the defendants have been guilty of contempt, in refusing to obey tbe mandate of the court. While implicit obedience to the writ is required, and no evasion is allowed, a strict and literal compliance is not required. — as, where a change has been made in tbe law requiring the performance of the particular act which has been commanded by mandamus, and the officers to whom the writ is directed, acting in good faith according to his best judgment as to the effect of such change in his legal liability, refuses further obedience, he shall not be punished for contempt, although mistaken in his judgment; and where a party refusing to obey, shows that he is willing to comply with the mandate of the court, he will not be punished, but will still be compelled to do the act required by the writ. High on Ex. Rem., sec. 556.
It is argued that the city council acted in contempt of the process of the court in not levying a special tax to pay the relator’s debt separate from the others. We do not decide what their duty in this respect was; we think it manifest that they acted in good faith and according to their best *188 judgment in making one levy to cover all the cases where they were ordered by mandamus to levy a tux.
There is much to justify their course; a separate special tax in each case to be collected and kept separate from the others, would have been, in a great degree, impracticable, considering the number of cases and the various amounts involved.
At any rate, we see no reason fox believing that the defendants in this acted in contempt of the process of the court, even if they wore mistaken in their duty.
2. It is urged that they axe in contempt for allowing part of the taxes to be paid in the claims and parts of claims which the taxes -were levied to. pay. They had for this the authority of the charter. The mandate of this court did not, necessarily, exclude the idea that this course might be taken. .
The same advantage was given to1 all alike. By the order of this court the tax was to be collected in lawful money and paid over to the relator, but an order to allow the tax to be paid in the claim or claims, could not injure any one. It may have resulted in some of the parties realizing their debts before others, by taking advantage of this provision, but all -were at equal liberty to dp so; at any rate, if it be conceded that this was wrong, we think at most it was but an error of judgment and not an act of contempt.
3. It is next insisted that defendants are in contempt for ■failing to collect the tax from the merchants’ capital; that they are evidently in collusion with the tax collector, and that they have the power to compel obedience from him.
The order of this court was to assess a tax upon all the taxable property of the city. The ordinance passed in obedience to this levies the tax of fifty cents “on the $100 worth of taxable property,” which we would understand to mean all tire taxable property of the city, none being excepted. The statement of defendant shows the taxable property, including the merchants’ capital, and the estimate was made upon the whole. So we think the defendants *189 Lave shown a compliance with the order in assessing the tax. But it is said that even if the ordinance he in compliance with the mandate of the court, that the defendants have not done their dntv in causing the tax to -be collected; that, although the tax collector is, in some respects, an independent officer, that he is still subject to the control of the city council, and that they could compel obedience, and should have compelled him to collect the tax from the merchants.
It has not been shown to us in what manner the defendants could do this; if there is any manner in which they can compel obedience, they express a willingness to obey the order of the court.
The motion to attach the defendants for contempt will be discharged.
As already intimated, the motion to strike out the return is not of practical importance.
An alias mandamus is the proper remedy to compel obedience where the first order has not been fully complied with.
We cannot, in this instance, award an alias to change the action of the city council in making a joint assessment to meet the several mandamus cases against them, instead of making separate assessments, or to change their action in the other respect indicated, even conceding for the argument, that the course adopted was improper. To attempt to change this now would introduce great confusion, and be productive of no good.
If denied, an alias may issue commanding the defendants to proceed with the enforcement of the ordinance passed by them, and to use all means to collect off the merchants, and all others, the tax levied. We can, of course, decide nothing definitely as to the legality of the tax upon the merchants; we see no ground of objection so far as the record is concerned. It was certainly the duty of the tax collector to proceed to collect the tax from the merchants, as well as *190 others, until he was stopped by some mode of legal resistance upon the part of the merchants.