STATE, *ex rel.*, v. HART.

(*Nashville.* January 19, 1901.)

MANDAMUS. *Defense not available.*

It is not an available defense to a proceeding by mandamus against a County Trustee, to compel him to pay a warrant drawn upon him for a debt whose justice and correctness is not questioned by a board of district school directors, that one of the directors was an alien, and incompetent to hold the office, and that another had vacated the office by removing from the district, leaving but one competent director. The action of the board is valid, in such case, as that of officers *de facto*, which cannot be attacked in such collateral manner.

FROM DAVIDSON.

Appeal from Chancery Court of Davidson County. Hon. H. H. Cook, Ch.

Jas. S. Pilcher and B. M. Binkley for State.

J. A. Cartwright and Jos. H. Acklen for Hart.

Wilkes, J. This case came up on argument with, and was treated as presenting the same questions involved in, the case of *State, ex rel. Burkhalter, v. Banks et al.*, and the two cases were heard to-

gether. We are of opinion they do not involve the same questions, though each case is somewhat dependent on the other.

The Court has already held in the first named case that the election of school directors for the twenty-third civil and school district of Davidson County was improperly and illegally held in May, and should, under the statutes, have been held in August, and that the persons chosen in May were not legally elected, and were not entitled to act as directors of that district.

The present case is an application for mandamus to compel the Trustee of Davidson County to pay a warrant, drawn upon the Trustee in favor of the relator, for $15.00, by Banks, Walton, and Andrews, who claimed to be the legal directors for that district. They were elected in August, 1898, and in July, 1900, contracted with the relator to do certain repairs on the school building in that district, and on July 14, 1900, issued him the warrant in question in payment for his services.

The contention is that the directors, Banks, Walton, and Andrews, having been elected in August, 1898, their term of office would not in any event terminate until September 1, 1900, and not then unless their successors were legally elected and qualified. Their contention is, as we think, correct, if we consider the election of their successors in May as void, and they were qualified

State, *ex rel.*, *v.* Hart.

and authorized to act, all other questions being out of the way.

It is said, however, that Andrews is an alien, and incapable of holding the office; that Banks had moved out of the district, and thereby vacated his office.

It is a well established rule of law that if a person exercise the functions of a public office under color of right, and with the acquiescence of the public, he will be deemed an officer *de facto,* and his acts will protect third persons, even though he was not eligible to the office, or had legally forfeited it by removing from the county. Mechem on Public Officers, Sec. 320; Throop on Public Officers, Secs. 631-636.

And the acts of such an officer cannot be impeached collaterally, nor his title inquired into except in *quo warranto* proceedings instituted for that purpose. Mechem on Public Officers, Sec. 343; Throop on Public Officers, Secs. 631, 82.

Banks and Andrews were exercising the functions of the office under a previous valid election. Both were recognized as such officers by the County Superintendent of 'Public Schools, who, under the law, had the power to fill vacancies until the regular election. Here we have the unanimous action of the entire board—one, Walton, being without question *de jure* a director, and the other two, Banks and Andrews, *de facto*

officers, in a mater involving the rights of a third person.

No question is made about the justice or correctness of amount of the relator's demand, and the Court is of opinion it should be paid, and the decree of the Court of Chancery Appeals directing a mandamus to issue is affirmed.