State, ex rel., v. Maiden.

STATE, *ex rel.* BARFIELD, *v.* MAIDEN.

*(Jackson.* April Term, 1903.)

1. **MANDAMUS.** Will not be granted to compel a trial judge to sign a bill of exceptions, when.

   While this court, in aid of its appellate jurisdiction, has full power to compel a trial judge to sign a bill of exceptions, yet mandamus will not be granted to compel a trial judge to sign and certify a particular bill of exceptions tendered in a case tried by him, when he states under oath in his answer to the petition for mandamus that the bill of exceptions tendered is not a true record of the proceedings in the cause, and that he had signed a bill of exceptions which he avers contains a full and correct report of such trial and all the proceedings incident thereto. (*Post, pp.* 488-490.)

   Case cited and approved: State, ex rel., v. Cooper, 107 Tenn., 202.

2. **SAME.** Laches of relator will defeat application for, when.

   This cause was finally disposed of in the circuit court of Lauderdale county on November 1, 1902, the bill of exceptions complained of was signed by the trial judge and filed by the clerk of said court on November 28, 1902, but the petition seeking mandamus was not filed until the lapse of more than four months from that date.

   *Held*: Upon the facts of this case, the delay was unreasonable and sufficient to repel relator's application. (*Post, p.* 490.)

   Cases cited and approved: Sprague v. Fawcett, 53 Cal., 408; People v. Judge, 31 Mich., 72.

FROM LAUDERDALE.

Petition for *mandamus* upon the relation of W. A. Barfield, against R. E. MAIDEN, Circuit Judge, to compel him to sign and certify a bill of exceptions.

KIRKPATRICK & TANNER, T. J. SMITH and W. W. CRAIG, for relator.

ATTORNEY-GENERAL CATES, for Judge Maiden.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The relator in this case was tried at the October term, 1902, of the circuit court of Lauderdale county, and found guilty of murder, in the second degree, of one Hammond, and his punishment was fixed at 20 years' confinement in the State penitentiary. A motion for a new trial being overruled, an appeal was prayed and granted to this court.

The relator filed his present petition asking this court to grant him its writ of mandamus requiring the Honorable R. E. Maiden, the judge who presided at the trial of the cause, to authenticate a draft for a bill of exceptions which accompanies the petition as an exhibit, and which it is alleged is substantially correct, in the room and stead of a bill of exceptions already signed by him, and filed with the clerk as a part of the record in the cause, which latter bill, it is averred by relator, "does not correctly state the proceedings in the said cause, and is not the bill of exceptions upon which the

State, ex rel., v. Maiden.

relator should have to rely upon the trial of the case in the supreme court." Accompanying the petition are the affidavits of the relator and of his counsel, and also of bystanders, to the effect that this draft contains a true history of what occurred during and subsequent to this trial.

Judge Maiden has made an answer under oath to this petition, in which he denies distinctly and in detail every averment in the petition, to the effect that the bill of exceptions already signed and filed by him is in any respect incorrect or unauthentic. To the contrary, he asserts it contains a true and complete history of the proceedings during the trial of the cause, as well as of those subsequently incident to it. He also avers that the paper or draft submitted by the relator, and which the latter now asks this court to require the respondent to sign, is full of inaccuracies, and is in many respects incorrect and seriously misleading.

The question is thus again presented whether this court will compel a circuit judge to certify a bill of exceptions which he, under his oath, states is not a true record of what transpired in the progress of the trial of the cause, after he has already signed a bill of exceptions which he avers does contain a full and correct report of such trial and all proceedings incident thereto. To this question we repeat, without hesitancy, the answer given in the case of *State, ex rel.,* v. *Cooper, Judge,* 107 Tenn., 202, 64 S. W., 50.

It is unnecessary to restate the reasons for

the ruling there made, or to refer to the cases which fortify it; it is sufficient to say that upon re-examination we regard these reasons as entirely sound, and the conclusion then reached as sustained by the highest authority and the soundest public policy.

In addition, however, the delay in this cause would be of itself sufficient to repel the relator. The case was disposed of on the first of November, 1902, the bill of exceptions was noted by the clerk as filed on the 28th day of November of that year, and the present petition was not presented until the lapse of a little over four months from that date. This, under the facts disclosed, was an unreasonable delay. *Sprague* v. *Fawcett,* 53 Cal., 408; *People* v. *Judge,* 31 Mich., 72.

It follows that the writ of peremptory mandamus is refused, and the petition is dismissed.