BOWDRE BROWN *v*. CRYSTAL ICE COMPANY.[1]

(*Knoxville*.     September Term, 1909.)

1. **MANDAMUS.** To compel inspection of corporate books by a
   stockholder; mandatory injunction may be used as remedy,
   but mandamus is more direct.

   The remedy of a stockholder in a corporation to obtain an in-
   spection of the corporate books, where permission to inspect
   them is denied, is by mandamus, though a mandatory injunc-
   tion may be made effectual in securing for a stockholder an
   examination. of the books, by forbidding the officers and agents
   of the corporation from interfering with him in such examina-
   tion; but the *mandamus* is a much more direct remedy, and
   can be conditioned by such restrictions as the court may deem
   necessary or proper to prevent injury to the books or undue in-
   convenience to the officers and agents of the corporation in the
   discharge of their duties. (*Post, pp.* 241, 242, 246.)

   Cases cited and approved: Bates v. Taylor, 87 Tenn., 319; Iron
   Cos. v. Pace, 89 Tenn., 707; State, ex rel., v. Williams, 110 Tenn.,
   549; Weihenmayer v. Bitner, 45 L. R. A., 457, note and cases
   cited.

   Case cited and distinguished: Hawkins v. Kercheval, 10 Lea, 535.

2. **SAME. Same.** Mandatory injunction to compel inspection
   of corporate books is not concurrent with mandamus, which
   is a prerogative writ.

   The remedy by mandatory injunction in chancery to compel a
   corporation to permit a stockholder to inspect the corporate
   books is not concurrent with the remedy by mandamus, which is
   a peculiar one, and, although the court of chancery, by Acts

---

[1]As to right of stockholder to inspect books of corporation and
remedies to enforce right, see note to Weihenmayer v. Bitner
(Md.), 45 L. R. A., 446.

Brown v. Ice Co.

1877, ch. 97, has been given concurrent jurisdiction with the court of law, yet the remedy by *mandamus* has remained substantially the same in both courts as to the practice and the class of cases to which it applies, and, in its inherent nature, this remedy has preserved in chancery the same marks it had in the law court, and in both courts, the remedy by *mandamus* is regarded as in the nature of a prerogative writ, to be granted only in the high discretion of the court, and to be applied only to those cases as to which no other remedy exists. (*Post, pp.* 242-246.)

Acts cited and construed: Acts 1877, ch. 97.

Numerous Tennessee cases on the general subject of *mandamus* are collected in the opinion, on pages 243-245.

3. **SAME.**  Bill in the name of the State; amendment inserting name of State when objection is made for its absence.

Since the writ of *mandamus* is in the nature of a prerogative writ, the more logical rule is to require the bill to be presented in the name of the State; but where objection is made on the ground that the name of the State was not used, the court may, upon application, allow an amendment, inserting the name of the State. (*Post, pp.* 246, 247.)

Cases cited and approved: Whitesides v. Stuart, 91 Tenn., 710; Weinberg v. Brewing & Malting Co., 21 Wash., 451, 47 L. R. A., 208-212, and authorities cited.

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court. T. M. MCCONNELL, Chancellor.

R. B. COOKE, for complainant.

PRITCHARD & SIZER, for defendant.

PER CURIAM.

The bill in this case was filed by a stockholder of the defendant corporation to obtain an inspection of the books. After alleging his character of stockholder, the complainant avers the president assured him that the dividend for the current year would be "eight times the amount of the fixed charges," while in fact only a 5 per cent. dividend was declared; that, being greatly desirious of finding the cause of the disparity, he applied to the officers of the corporation for leave to inspect the books; that this was granted him, in a gingerly way, but, when he took from his pocket a small memorandum book and attempted to make some memoranda, the corporation books were taken from him, and he was not permitted to proceed further. The bill thereupon closed with the following prayer: "Let a mandatory injunction be served on the defendant, its officers and agents, requiring them to allow complainant to examine the books of said company, and to make such notations as he chooses to make thereof. Let the defendant, its officers and employees, be enjoined from interfering with complainant in his examination of said books, and on the hearing let said injunction be made perpetual. Grant general relief."

The defendant demurred to the bill on the ground

122 Tenn—16

that complainant's remedy for the case stated therein . was a petition for mandamus, and that the court had no jurisdiction to grant the injunctive relief sought.

The demurrer was sustained by the chancellor; but, on appeal to the court of civil appeals, the decree of the chancellor was reversed, and the cause remanded for answer and further proceedings. The case was then brought to this court by *certiorari*.

We are of the opinion that the court of civil appeals was in error. By the great weight of authority the relief sought must be obtained through mandamus proceedings. *State, ex rel.,* v. *Williams,* 110 Tenn., 549, 75 S. W., 948, 64 L. R. A., 418; Clark on Corporations, sec. 135; Clark & Marshall on Corporations, pp. 1653-1655; High on Extraordinary Legal Remedies, sec. 308; Cook on Corporations, secs. 513, 514; Thompson on Corp., sec. 4431; note to *Weihenmayer* v. *Bitner,* 45 L. R. A., at page 457, and cases cited; 26 Am. and Eng. Enc. (2d Ed.), p. 955; 26 Cyc., 349.

It is insisted that the remedy sought in the bill is concurrent with the remedy by *mandamus;* that since the act of 1877 (Acts 1877, p. 119, c. 97), giving the chancery court jurisdiction of all cases at law, except actions for unliquidated damages to persons, property, or character, no distinction should be made, but that any remedy under the control of the chancery court, proper to effectuate the purpose, may be used; and that a mandatory injunction is specially adapted to the purpose. We do not think that this suggestion is a sound one. The remedy by *mandamus* is a peculiar one, and,

although the court of chancery has been given concurrent jurisdiction with the court of law, yet the remedy by *mandamus* has remained substantially the same in both courts as to the practice and the class of cases to which it applies. It is true that in a court of law the complaining party comes in by petition, while in the court of chancery this pleading is called a bill, yet in substance and in language they are the same. Likewise, in the court of chancery, as well as at law, an alternative writ issues and a return is made as at law, and the subsequent proceedings are about the same. Likewise, in its inherent nature, this remedy has preserved, in the court of chancery, the same marks it had in the court of law. It is regarded in both courts as in the nature of a prerogative writ, to be granted only in the high discretion of the court, and to be applied only to those cases as to which no other remedy exists.

We have in this State quite a large number of cases upon the subject, showing a variety of applications. It is frequently used to effectuate the jurisdiction of this court over inferior courts. The cases upon this subject are: *State* v. *Cooper,* 107 Tenn., 202, 64 S. W., 50; *State* v. *Sneed,* 105 Tenn., 711, 58 S. W., 1070; *Vanvabry* v. *Staton,* 88 Tenn., 334, 12 S. W., 786; *State* v. *Brockwell,* 16 Lea, 683; *Alexander* v. *State,* 14 Lea, 88; *Ing* v. *Davey,* 2 Lea, 276; *Newman* v. *Justices of Scott County,* 1 Heisk., 787; *State* v. *Hall,* 6 Baxt., 3; *Whitfield* v. *Greer,* 3 Baxt., 78; *Galloway* v. *Fleing,* 2 Tenn. Cas., 615; *State* v. *Elmore,* 6 Cold, 528.

Other cases, showing together quite a range of subjects, are: *State, ex rel., v. Enloe,* 121 Tenn., 347, 117 S. W., 223; *Cantrell v. Golden,* 120 Tenn., 204, 109 S. W., 1154; *State, ex rel., v. Taylor,* 119 Tenn., 229, 104 S. W., 242; *State v. Thompson,* 118 Tenn., 571, 102 S. W., 349, 20 L. R. A. (N. S.), 1; *Marler v. Wear,* 117 Tenn., 244, 96 S. W., 447; *State v. Willett,* 117 Tenn., 334, 97 S. W., 299; *State v. Alexander,* 115 Tenn., 156, 90 S. W., 20; *State v. Board of Inspectors,* 114 Tenn., 516, 86 S. W., 319; *State v. Williams,* 110 Tenn., 549, 75 S. W., 948, 64 L. R. A., 418; *State v. Justices of Wayne County,* 108 Tenn., 259, 67 S. W., 72; *State v. Hart,* 106 Tenn., 269, 61 S. W., 780; *State v. Wilbur,* 101 Tenn., 211, 47 S. W., 411; *Donaldson v. Walker,* 101 Tenn., 236, 47 S. W., 417; *Harris v. State,* 96 Tenn., 496, 34 S. W., 1017; *Williams v. Dental Examiners,* 93 Tenn., 620, 27 S. W., 1019; *Whitesides v. Stuart,* 91 Tenn., 710, 20 S. W., 245; *Insurance Co. v. House,* 89 Tenn., 438, 14 S. W., 927; *Iron Companies v. Pace,* 89 Tenn., 707, 15 S. W., 1077; *Bates v. Taylor,* 87 Tenn., 319, 11 S. W., 266, 3 L. R. A., 316; *Morgan v. Pickard,* 86 Tenn., 208, 9 S. W., 690; *State v. Mayor, etc., of Nashville,* 15 Lea, 697, 54 Am. Rep., 427; *Robison v. Hawkins,* 12 Lea, 450; *Meadows v. Nesbit,* 12 Lea, 486; *Hawkins v. Kercheval,* 10 Lea, 535; *Yost v. Gaines,* 10 Lea, 576; *State v. Whitworth,* 8 Lea, 594; *State v. Puckett,* 7 Lea, 709; *State v. Nashville, Chattanooga & St. L. R. Co.,* 7 Lea, 15; *State v. Marks,* 6 Lea, 12; *Morley v. Power,* 5 Lea, 691; *State v. Miller,* 1 Lea, 596; *Beas-*

Brown v. Ice Co.

*ley* v. *Ferriss,* 1 Lea, 461; *Memphis Appeal Publishing Co.* v. *Pike,* 9 Heisk., 697; *Puckett* v. *Hyde,* 6 Heisk., 194; *Mobile & O. R. Co.* v. *Wisdom,* 5 Heisk., 125, 155, 157; *Rainey* v. *Aydelette,* 4 Heisk., 122; *Jonesboro, Fall Branch & Blair's Gap Turnpike Co.* v. *Brown,* 8 Baxt., 490, 35 Am. Rep., 713; *State* v. *Anderson County,* 8 Baxt., 249; *White's Creek Turnpike Co.* v. *Marshall,* 2 Baxt., 104, 121, 124; *City of Memphis* v. *Bethel,* 3 Tenn. Cas., 205; *Loague, Mayor, etc.,* v. *Coward,* 3 Tenn. Cas., 693; *State* v. *City of Memphis,* 2 Tenn. Cas., 185; *Beck* v. *Puckett,* 2 Tenn. Cas., 490; *State* v. *Sinking Fund Commissoners,* 1 Tenn. Cas., 490, 503; *Winters & Cross* v. *Burford's Heirs,* 6 Cold., 328; *Williams* v. *Saunders,* 5 Cold., 60, 80, 81; *State* v. *Hall,* 3 Cold., 255; *Saffrons* v. *Ericson,* 3 Cold., 1; *Nelson* v. *Justices of Carter County,* 1 Cold., 207; *Justices of Williamson County* v. *Jefferson,* 1 Cold., 420; *Felts, Sheriff, etc.,* v. *Mayor, etc., of Memphis,* 2 Head., 650; *Battle* v. *Rawles,* 2 Sneed, 576; *Johnson* v. *Lucas & Gaither,* 11 Humph., 306; *Hess* v. *Crawford,* 8 Humph., 609; *Justices of Cannon County* v. *Hoodenpyle,* 7 Humph., 145; *Caldwell* v. *Watson,* 6 Humph., 498; *Barnhart* v. *Neisler,* 6 Humph., 493; *Lacy* v. *Anderson,* 6 Humph., 495; *Gillespie* v. *Wood & Douglass,* 4 Humph., 437; *Thomason* v. *Justices, etc.,* 3 Humph., 233; *Copeland* v. *Woods,* 2 Humph., 330; *Dunlap* v. *Smith,* 4 Yerg., 509; *Hardin County Court* v. *Hardin,* Peck, 291; *Bradford* v. *Treasurer of East Tennessee,* Peck, 425; *King* v. *Hampton,* 3 Hayw., 59, 60; *Kennedy* v. *Woolfolk,* 1 Overt., 453.

In none of these cases is there an intimation of any similarity between this remedy and that by injunction, or that they are at all interchangeable. In two of them the injunction was united with the *mandamus* to hold matters *in statu quo* until the *mandamus* could be made operative. *Iron Companies* v. *Pace,* supra, and *Bates* v. *Taylor,* 87 Tenn., 319, 11 S. W., 266, 3 L. R. A., 316. And such practice is no doubt useful and proper in some cases. It is true that the mandatory injunction might be made effectual in securing for a stockholder an examination of the books, by forbidding the officers and agents of the corporation from interfering with him in such examination; but the *mandamus* is a much more direct remedy, and can be conditioned by such restrictions as the court may deem necessary or proper to prevent injury to the books or undue inconvenience to the officers and agents of the corporation in the discharge of their duties (*State, ex rel.,* v. *Williams,* supra), and we deem it best to adhere to the recognized practice.

It is insisted that in *Hawkins* v. *Kercheval,* 78 Tenn., 535, the remedy administered was a mandatory injunction. This is a mistaken view. The court held in that case that the relief sought under the original bill by injunction could not be granted. The relief that was granted was under the amended bill, which the court construed to be an application for the writ of *mandamus.*

A question has been made as to whether it is neces-

sary to present the bill in the name of the State. It was so held in *Whitesides* v. *Stuart,* 91 Tenn., 710, 20 S. W., 245. This seems the more logical rule, since the writ is in the nature of a prerogative writ (*State, ex rel., Weinberg,* v. *Pacific Brewing & Malting Co.,* 21 Wash., 451, 58 Pac., 584, 47 L. R. A., 208-212, and authorites cited); but in most of our cases, prior to *Whitesides* .v. *Stuart,* the name of the State was not used, and the same is true of some of the subsequent cases. No doubt the court would lend an easy ear to an application for amendment, so as to insert the name of the State in any case where objection is made on that ground.

On the grounds stated, the judgment of the court of civil appeals must be reversed, and the judgment of the chancellor, dismissing the bill, must be affirmed, with costs.