No. 3627.—STATE OF LOUISIANA ex rel. MISSISSIPPI VALLEY NAVIGATION COMPANY *v.* H. C. WARMOTH, Governor of the State.

The Governor of the State as chief executive officer, cannot be compelled by mandamus. to perform acts required by law to be done by him.

In 22 An. page 1, it was decided that the judiciary was without power to direct the Chief Executive of the State to perform any act coming within the range of his duties as Governor. That decision is reaffirmed by the decision in this case.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. John H. New,* for plaintiff and appellee. *Semmes & Mott,* for defendant and appellant.

TALIAFERRO, J. The relators applied to the Sixth District Court of New Orleans for a mandamus to compel the Governor of the State to subscribe, in the name of the State to the capital stock of the Mississippi Valley Navigation Company of the South and West, one thousand shares of one hundred dollars each, in pursuance of an act of the Legislature, taking effect in March, A. D. 1870. A rule *nisi* was granted, and the Governor answered that he had decided not to exercise the authority vested in him by the act incorporating the company appearing herein as relators, for the reason that he believes and entertains the opinion that the best interests of the State would be subserved by withholding the subscription authorized by that act. He further answered that the constitutional limitation of the power of the State to contract debts having been adopted in December, 1870, and the limit of twenty-five millions of debt having been reached, the authority vested in the respondent was revoked by the adoption of the constitutional amendment limiting the State debt.

It is contended on the part of the respondent, that the act vests a mere authority in the Governor to subscribe for the stock, and as that authority was not exercised prior to the adoption of the constitutional amendment limiting the State debt, he cannot now exercise it if he deemed it proper. The rule was made absolute by the court *a qua,* and the respondent has appealed. On the part of the relators it is argued that where a public officer or body is clothed with power to do an act which concerns the public interest, or the rights of third persons, the execution of the power may be insisted upon as a duty,

although the statute creating it be only permissive in its terms. On the other hand it is held, that this doctrine is inapplicable in the present case, because no private right of the relator is involved, and no public rights are concerned—that this act is a mere authority given by the State to one of its own officers to make a contract with a private corporation. The interest of that corporation may be promoted by making the contract with the State, but it has no legal right to compel the State to make the contract.

It is not necessary to determine whether terms merely permissive, used in a statute, are in all cases to be held to be mandatory. Neither do we feel it incumbent upon us to go into the consideration of the character of the act required to be performed by the respondent as being merely ministerial, or otherwise, or to investigate the reasons assigned by him for declining to act.

We had occasion in the case of the State on the relation of Oliver and others vs. the Governor of the State, 22 An. page 1, to go at some length into the inquiry as to the power of the judiciary to compel by mandamus the chief executive officer of a State to perform acts required by law to be done by him. We then concluded that such a power is not vested in the judiciary, and we see no good reasons for receding from the views then taken of this subject. 4 Wallace 500 and 501.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that the rule be discharged at the relator's costs.

Rehearing refused.