STATE, *ex rel.* LATTURE, V. BOARD OF INSPECTORS.

(*Nashville.*  December Term, 1904.)

1.  **MANDAMUS.** Rendered unnecessary by induction of relator into office, when.

Further proceedings on a petition for mandamus against the governor, secretary of state, and attorney-general, constituting the board of inspectors of elections, to require them to compare the vote and declare the result of an election for joint representative, are rendered unnecessary and improper, so far as the merits of the controversy are concerned, by the induction into office of the relator, pending the trial of the case in the supreme court.

2.  **SAME.** Will not lie against governor in any case.

The governor of the State constitutes one of the co-ordinate departments of the government, and he cannot be compelled by mandamus to perform any act which devolves upon him as governor. He may be appointed by the legislature to act upon any board created by it, whether the act to be performed is ministerial, executive or political, but in acting upon such board he does not denude himself of his independent position as chief executive of the State, and it is optional with him whether he will serve or not. He can not be coerced in the performance of any duty imposed upon him by the mandate of any court.

Cases cited and approved: Turnpike Co. v. Brown, 8 Baxt., 490; Bates v. Taylor, 87 Tenn., 319; and cases from other States cited on pages 519 and 520.

3.  **STATUTORY BOARDS.** Majority of, cannot act unless so provided by statute.

In the absence of a provision in the law creating the board of inspectors of elections, that a majority may act, the secretary of state and attorney-general cannot perform the duties of the board except in conjunction with the governor.

Case cited and approved: Carroll v. Alsup, 107 Tenn., 257.

**4. SAME. Question reserved.**

The question is reversed and not decided as to whether the secretary of the state and attorney-general may be compelled by mandamus to do any official act imposed by the legislature as members of a board.

### FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —JOHN ALLISON, Chancellor.

HARR & BURROW, for relator.

ATTORNEY-GENERAL CATES, for the board of inspectors.

MR. JUSTICE WILKES delivered the opinion of the Court.

This is a bill for mandamus to compel the governor, secretary of state, and attorney-general, constituting the board of inspectors of elections, to compare the vote for joint representative in Hawkins and Sullivan counties in the last election, and to declare the person receiving the highest number of votes duly elected.

The defendants to the bill appeared by the attorney-general of the state, and demurred to it, and also moved to quash the alternative writ of mandamus, because the chancery court was without jurisdiction to grant the relief sought, and had no power to coerce said officials, or either of them, in the performance of the duties imposed by law upon them.

Both the demurrer and the motion to quash were overruled, and the defendants excepted.

An answer was thereupon filed, which was demurred to by the relator, because (1) it did not set out any real reason why the board of inspectors should not compare the vote and declare the result, and (2) because the papers which were exhibited with and made a part of the answer were not election returns, and could not be considered by the board for any purpose.

The chancellor sustained the demurrer, and decreed that a peremptory writ of mandamus issue, requiring the defendants, as a board of inspectors, to compare the vote, and declare the result of the election.

The defendants prayed and were granted an appeal, and have assigned errors.

Before the case was reached for trial in this court, the relator was, by the house of representatives, declared elected joint representative for the counties of Hawkins and Sullivan, and was inducted into office, and has taken his seat as such joint representative.

Further proceedings in the mandamus case are therefore wholly unnecessary and improper, so far as the merits of the controversy are concerned; and it only remains to dispose of the costs which have accrued in the proceeding.

We are of opinion that neither the chancery court nor this court has any jurisdiction or power to grant the mandamus prayed for against the defendants in this case.

State, ex rel., v. Board of Inspectors.

The governor of the State constitutes one of the co-ordinate departments of the government, and he cannot be compelled by mandamus to perform any act which devolves upon him as governor.

The legislature may appoint or name him to act upon any board created by it, but it is optional with him whether he will serve or not.

If he does serve, his action is entirely optional; and he cannot be coerced by the courts.

In acting upon such board he does not denude himself of his high and independent position as chief executive of the State and the head of that department.

And this is true whether the act to be performed is ministerial, executive, or political. *Turnpike Company* v. *Brown,* 8 Baxt., 490, 35 Am. Rep., 713; *Bates* v. *Taylor,* 87 Tenn., 319, 11 S. W., 266, 3 L. R. A., 316.

He is not subject to the mandate of any court.

No court can coerce him. No court can imprison him for failing to perform any act, or to obey any mandate of any court.

This holding is in accord with that of other courts in other States, though the contrary is held in some cases in regard to ministerial acts. 6 Am. & Eng. Ency. Law, 1015, 1016; *Hovey* v. *State,* 127 Ind., 588, 27 N. E., 175, 11 L. R. A., 763, 22 Am. St. Rep., 663; *People, ex rel.,* v. *Governor,* 29 Mich., 320, 18 Am. Rep., 89; *Hawkins* v. *Governor,* 1 Ark., 570, 33 Am. Dec., 346; *In re Dennett,* 32 Me., 508, 54 Am. Dec., 602; *State* v. *Warmouth,* 22 La. Ann., 1, 2 Am. Rep., 712; *State* v. *Warmouth,* 24 La.

Ann., 351, 13 Am. Rep., 126; *State* v. *Board, etc.,* 42 La. Ann., 647, 7 South., 706, 8 South., 577; *Mauran* v. *Smith,* 8 R. I., 192, 5 Am. Rep., 564; *Vicksburg, etc., R. R. Co.* v. *Lowry,* 61 Miss., 102, 48 Am. Rep., 76; *State* v. *Governor,* 25 N. J. Law, 331; *State* v. *Drew,* 17 Fla., 67; *People* v. *Bissell,* 19 Ill., 229, 68 Am. Dec., 591; *People* v. *Yates,* 40 Ill., 126; *People v. Cullom,* 100 Ill., 472; *Turnpike Co.* v. *Brown,* 8 Baxt., 490, 35 Am. Rep., 713; *Bates* v. *Taylor,* 87 Tenn., 319, 11 S. W., 266, 3 L. R. A., 316; *State* v. *Towns,* 8 Ga., 360; *Houston, etc., Ry. Co.* v. *Randolph,* 24 Tex., 317; *Appeal of Hartranft,* 85 Pa., 433, 27 Am. Rep., 667; *Mississippi v. Johnson,* 4 Wall., 475, 18 L. Ed., 437.

Whether the secretary of the state and attorney-general may be compelled by mandamus to do any official act imposed by the legislature as members of a board, we need not decide.

Under this act they could only sit and perform their duties as a board in conjunction with the governor. They cannot act without the governor. The law creating the board makes no provision that a majority may act, and in the absence of such provision no action can be taken, except by the entire board participating in it. *Carroll* v. *Alsup,* 107 Tenn., 257, 271, 273, 64 S. W., 193.

Without going further into matters set up, we are of opinion that the defendants could not be coerced or compelled in this action to do what was demanded of them.

This being so, the petitioner's bill is dismissed; and he is taxed with all the costs of the cause.