H. A. WALMSLEY *et al v.* FRANKLIN COUNTY *et al.*

(*Nashville.  December Term, 1915.*)

1. **STATUTES.  Titles.  Plurality of subjects.  Validity.**

Constitution article 2, section 17, provides that no bill shall become
a law which embraces more than one subject, that subject to be
expressed in the title.  Pub. Acts 1913, ch. 26, was entitled "a
general enabling act authorizing counties through their quarterly
courts to issue bonds for highway purposes to provide for a re-
tiring indebtedness thus created at or before maturity, and to
provide for the expenditures of the fund derived from the bond
issue."  Section 16 of that chapter was amended by Pub. Acts
1915, ch. 23, to read that nothing in the act shall be construed to
repeal or modify any private or special act authorizing any
county or municipality through its county court to issue bonds
for the purpose of building roads.  Pub. Acts 1913, ch. 26, sec. 3,
provides for the issuance of bonds 'when necessary to secure
federal co-operation on the roads.  Section 6 makes it the duty
of the county trustees to collect and account for taxes, and to
take advantage of all laws to force the collection of the tax
levied to retire the bonds.  Section 12 provides that, if all the
roads provided for in the enactment are finished, and there is
a surplus, it shall be expended as the road commissioners direct.
*Held,* ·that the act did not violate the consitutional provision re-
quiring but one subject.  (*Post, pp.* 582, 583.)

Acts cited and construed:  Acts 1913, ch. 26; Acts 1915, ch. 23.

Cases cited and approved:  Railroad v. Byrne, 119 Tenn., 299; State
v. Brown, 103 Tenn., 449; Morrell v. Fickle, 71 Tenn., 79; State
v. Hamby, 114 Tenn., 364; Cannon v. Mathes, 55 Tenn., 504;
Frazier v. Railroad Co., 88 Tenn., 157; Scott v. Marley, 124 Tenn.,
398  Todtenhausen v. Knox Co., 132 Tenn., 169.

Constitution cited and construed:  Sec. 17, art. 2.

2.  **STATUTES.    Subjects.    Plurality of subjects.**

All the provisions of such act being intended to further its general subject, the improvement of county roads, the act did not violate the constitutional provision requiring that the subject of the act be stated in the title.    (*Post, pp.* 583-586.)

Cases cited and approved:   Cannon v. Mathes, 55 Tenn., 504; Luehrman v. Taxing District, 70 Tenn., 426; Morrell v. Fickle, 71 Tenn., 79;  Frazier v. Railroad, 88 Tenn., 156;  Cole Mfg. Co. v. Falls, 90 Tenn., 469;  State v. Yardley, 95 Tenn., 554;  Peterson v. State, 104 Tenn., 131;  Condon v. Maloney, 108 Tenn., 99;  Furnace Co. v. Railroad Co., 113 Tenn., 697;  Scott v. Marley, 124 Tenn., 398.                    \

3.  **COUNTIES.   Powers of county board.   Regular sessions.**

Under Pub. Acts 1913, ch. 26, sec. 1, providing for the improvement of county roads, and Pub. Acts 1915, ch. 23, the 1913 act requiring the issuance of bonds by the county courts in quarterly session assembled, the county courts may issue bonds at a specially called meeting under Shannon's Code, sec. 5997, providing that the chairman or judge of the county court shall have power to convene the quarterly courts in special session.  (*Post, pp.* 586, 587.)

Code cited and construed:   Sec. 5997(S.).

4.  **COUNTIES.   Highway bonds.   Time of redemption.**

Under Pub. Acts 1913, ch. 26, sec. 1, providing that highway bonds shall mature at such time as determined by the county court, not exceeding forty years from the date of issuance, redeemable at the option of the county at such times as fixed by the court, a resolution of the county court fixing the time and maturity of the bonds in forty years, was valid, since it fixes a definite date of maturity.   (*Post, pp.* 587, 588.)

5.  **COUNTIES.    Highway bonds.    Notice.    Stotutory requirements.**

The provision of Pub. Acts 1913, ch. 26, sec. 2, requiring that the orders and resolutions of the county courts directing issuance of highway bonds shall be preceded by at least thirty days by the adoption of a resolution setting forth the roads to be built

or improved, and published as a notice to the voters, is manda-
tory, and compliance may be enforced before the adoption and
issuance of the bonds, but, where no objection is made until
after the issuance of the bonds, the bonds are not invalid for
failure to comply therewith. (*Post, pp.* 588, 589.)

## FROM FRANKLIN

Appeal from the Chancery Court of Franklin
County.—Foss H. MERCER, Chancellor.

T. L. STEWART and T. A. EMBREY, for appellants.

FLOYD ESTILL, ARTHUR CROWNOVER, GEO. E. BANKS,
JESSIE B. TEMPLETON and J. J. LYNCH, for appellees.

MR. JUSTICE BUCHANAN delivered the opinion of the
Court.

The bill was filed to enjoin the issuance of bonds by
the county in the sum of $350,000 for highway purposes.
Defendants demurred to the bill, the chancellor sus-
tained the demurrer and dismissed the bill, and com-
plainants appealed.

The grounds for relief made in the bill are twofold:
First, that the act under authority of which the county
proposed to issue the bonds was unconstitutional and
void; second, that if the act be valid the defendants
have not proceeded in accord with its provisions in
certain respects in the bill set out. The act in question
is chapter 26 of the first extra session of the general

assembly of the year 1913. See page 477, Public Acts. 1913. This act was amended by chapter 23, Acts of 1915. See Public Acts 1915, page 67. The substance of the amendment is as follows:

"But nothing in this act shall be construed to repeal or modify any private or special act authorizing any county or municipality in this State through its county court, or other authority, to issue bonds for the purpose of building roads in such said counties or municipalities."

The first point made upon the constitutionality of the act is that it violates that part of section 17, art. 2, of the State constitution, which provides:

"No bill shall become a law which embraces more than one subject, that subject to be expressed in the title."

We think the general object or purpose disclosed by the body of the act is expressed in the title, and that purpose is to enable counties in this State to issue bonds for highway purposes. Undoubtedly, when the scheme of the act is examined, a number of agencies and instrumentalities are apparent, but it is clear that each and all of these are employed in the body of the act to advance the general purpose of the act. It has been held that:

"When a statute has but one general object or purpose, the subject is single, however multitudinous may be the means or instrumentalities provided for effecting that purpose."

See *Railroad* v. *Byrne,* 119 Tenn. (11 Cates), 299, 104 S. W., 460; *State* v. *Brown,* 103 Tenn. (19 Pick.), 449, 53 S. W., 727; *Morrell* v. *Fickle,* 71 Tenn. (3 Lea), 79; *State* v. *Hamby,* 114 Tenn. (6 Cates), 364, 84 S. W., 622; *Cannon* v. *Mathes,* 55 Tenn. (8 Heisk.), 504; *Frazier* v. *Railroad Co.,* 88 Tenn. (4 Pick.), 157, 12 S. W., 537; *Scott* v. *Marley,* 124 Tenn. (16 Cates), 398, 137 S. W., 492; *Todtenhausen* v. *Knox Co. et al.* (Tenn.), 177 S. W., 487.

Appellants insist that section 3 of the act in question expresses a purpose not within the purview of the title of the act. We are unable to assent to this view. Section 3 provides:

"If the federal government should at any time propose to supply the service of a federal engineer, and, in addition appropriate a specified sum of money for the construction or improvement of highways in any county in this State, the quarterly court of such county is hereby authorized to appropriate for the purpose a sum not exceeding double that contributed by the federal government; and if there be not funds in the treasury sufficient to meet this appropriation, then, without submission to a vote of the people, the quarterly (county) court of such county is authorized to issue bonds for the amount required to make good the appropriation: Provided, such bonds issued shall not in the aggregate exceed 3 per cent. of the taxable values of such county, which may be either in a single order or successive orders, as the court may determine."

That section does not introduce into the body of the act a new subject. Its object is to enable counties in this State to issue bonds for highway purposes in cases where the federal government shall become active in the manner indicated. The activity of the federal government and the activity of the quarterly county court in conjunction with such aid as may be received from the federal government are mere agencies or instrumentalities within the scheme of the act to forward its general purpose, of enabling counties in this State, through their quarterly county courts, to issue bonds for highway purposes. This view is supported by the fact that whether the county issues bonds under sections 1 and 2 of the act, or under section 3 of the act, the same agency in either case acts for the county. That agency is the quarterly county court, and, whether bonds be issued under section 3 or sections 1 and 2, the product of the agency provided under each of these sections is the same. The product is county bonds, and county bonds issued for highway purposes.

Appellants next insist that the last clause of section 6 of the act introduces into its body a separate and distinct subject not germane to the general purpose of the act. This insistence, we think, has no merit. The last clause of section 6 makes it the duty of the county trustee to take advantage of all laws on the statute books to force the collection of the tax which section 6 provides shall be levied for the purpose of taking care of the interest on bonds issued under the act, and for the purpose of creating a sinking fund for the retire-

ment of the bonds at maturity. The remaining provisions in the last clause of section 6 all relate to the general purpose expressed in the body of the act.

It is next insisted for appellants that section 12 introduces into the body of the act a subject not germane to its general purpose. This section provides, in substance, that after all the roads named in the resolution have been graded and macadamized for their full length, if a surplus of the fund for which the bonds have been sold remains on hand, it shall be expended on such other road or roads not set forth in the resolutions as, in the judgment of the road commissioners, will serve the greatest number of people anywhere within the county. This is an application of the proceeds of the bonds to highway purposes, and germane to the general purpose of the act, certainly not incongruous therewith, and permissible under the following of our cases: *Cannon* v. *Mathes,* 55 Tenn. (8 Heisk.), 504; *Luehrman* v. *Taxing District,* 70 Tenn. (2 Lea), 426; *Morrell* v. *Fickle,* 71 Tenn. (3 Lea), 79; *Frazier* v. *Railroad,* 88 Tenn. (4 Pick.), 156, 12 S. W., 537; *Cole Manufacturing Co.* v. *Falls,* 90 Tenn. (6 Pick.), 469, 16 S. W., 1045; *State* v. *Yardley,* 95 Tenn. (11 Pick.), 554, 32 S. W., 481, 34 L. R. A., 656; *Peterson* v. *State,* 104 Tenn. (20 Pick.), 131, 56 S. W., 834; *Condon* v. *Maloney,* 108 Tenn. (24 Pick.), 99, 65 S. W., 871; *Furnace Co.* v. *Railroad Co.,* 113 Tenn. (5 Cates), 697, 87 S. W., 1016; *Scott* v. *Marley,* 124 Tenn. (16 Cates), 398, 137 S W., 492.

In our opinion, there is no merit in any of the questions made upon the constitutionality of the act.

Under the second ground of relief on which the bill is predicated the point is made that by the first section of the act authority to issue bonds was conferred on the county courts of the various counties in the State when in quarterly session assembled; a quorum being present and a majority thereof voting in the affirmative· This authority, appellant insists, could only be exercised when the body above named was in regular session; whereas, the resolution of the county court to issue the bonds in the present case was passed at a special or called meeting of the county court in quarterly session assembled.

In response to this objection it is to be noted that the act does not in terms require the authority to be exercised at a regular meeting of the county court in quarterly session. Section 5997, Shannon's Code, provides:

"The chairman or judge of the county courts of this State shall have power to convene the quarterly courts in special session when, in his opinion, the public necessities require it, or upon the application to him, in writing, of any five justices, members of said court, so to do."

The transcript shows that the judge of the county court of Franklin county made the call, as required by the terms of the section above named, and it appears that the notice of the call required by section 5998 of Shannon's Code was published in accord with the re-

quirements of that section. We think, under a proper construction of the act in question, that the power conferred could be legally exercised at a called or special quarterly session of the county court.

The next insistence for appellants is that the bonds authorized to be issued under the act—

"are to be redeemable at the option of the said county, and that it is mandatory on the county, under the provisions of said act, to fix a time for the redemption of the said bonds, and failure to so fix a time is vital and renders the resolution and election void."

The above-quoted insistence is based on the following language of section 1 of the act, where, referring to the bonds, it is said:

"They shall mature at such time as the court may determine, not exceeding forty years from date of issuance, and be redeemable at option of the county at such time or times as the court may fix."

The resolution which was passed authorizing the issuance of the bonds, after fixing the amount of the issue and the denomination of each bond, and the rate of interest which each was to bear, provided further, "And to mature in forty years from date of issuance," from which it appears to us that the county court, acting for the county, deemed it best not to fix an earlier date than forty years for the redemption of the bonds. The court, for the county, exercised the discretion and judgment which the act expressly committed to them, and therefore there is no merit in the above contention.

It is next said for appellants:

"The last paragraph of section 2 of the said act provides that the orders and resolutions of the county court directing the issuance of bonds under this act 'shall be preceded by at least thirty days by the adoption of the resolution setting forth the roads to be built or improved.' This resolution was incorporated in the same resolution directing the issuance of bonds and calling the election."

Appellants insist that the failure of the county court to adopt the resolution required by the last clause of section 2 of the act is a clear limitation upon the power of the county court to make a bond issue, and therefore that the same is void. We think the requirement of the last clause of section 2 is mandatory, and that the county court could have been required by *Mandamus* to proceed in accordance with the mandatory requirement of that clause, but, as shown by appellants' insistence above quoted, the resolution required by the last clause of section 2 was published for the length of time required, and was incorporated in the resolution of the quarterly county court directing the issuance of the bonds, subject to the result of the election. The manifest purpose of the last clause of section 2 was: First, to give notice to the members of the county court of "the roads to be built or improved, naming the starting and ending points, the general course, and approximate number of miles thereof;" second, to give the same notice to the people of the county interested in the proposed action.

While it is our opinion that the last clause of section 2 imposed a mandatory duty upon the county court to comply therewith for the purposes above set out, yet, construing the act as a whole, we do not think it was the purpose of the general assembly that the bonds issued should be invalid, where, as in this case, the resolution for issuance of the bonds was voted for by a majority of the members of the quarterly county court, and the required majority of voters at the election voted in favor of issuance of the bonds. The act does not provide that a failure to give the notice shall invalidate the bonds; moreover, the last clause of section 2 of the act was a mere matter of grace extended by the general assembly to the classes of persons for whose benefit it was inserted. The legislature had the power to grant the authority in question without making the validity of the action of the county court dependent on an election by the voters of the county, or the giving of such notice. No constitutional right of the voters or of the members of the county court was invaded by failure to give the notice.

We have disposed, in detail, of each of the contentions made by appellant. We think there is no merit in any of them; wherefore the decree of the court below is affirmed at appellants' cost.