STATE *ex rel.* TIDWELL *et al. v.* JOHN F. MORRISON, SR., COUNTY JUDGE.*

(*Nashville.*   December Term, 1924.)

1. **STATUTES.** Act extending term of school superintendents from two to four years held void because of too restrictive title.

Acts 1921, chapter 119, section 1, which undertakes to extend the term of county superintendents of schools from two years to four years, is void, under Constitution, article 2, section 17, since the provision in the body of the act attempts to authorize county. court to elect such official, while the title only authorized election by county board of education. (*Post, pp.* 62, 63.)

Acts cited and construed: Acts 1921, ch. 119, sec. 1.

Code cited and construed: Secs. 1149, 1410 (T.-S.).

Constitution cited and construed: Const., art. 2, sec. 17.

2. **MANDAMUS.** Mandamus to compel county judge to call election for superintendent of schools held properly brought by taxpayers.

Where county superintendent, after expiration of term of office, held over under void law, attempting to extend his term from two to four years, taxpayers, as relators, could properly bring mandamus to compel county judge to call election, as against contention that it was necessary for district attorney-general to join in such proceedings. (*Post, pp.* 63, 64.)

Cases cited and approved: Mobile & O. R. Co. v. Wisdom, 52 Tenn., 125; State ex rel. v. Board of Inspectors, 114 Tenn., 516; State ex rel. v. Board of Inspectors, 74 Tenn., 12.

Case cited and distinguished: Harris v. State ex rel., 96 Tenn., 496.

Code cited and construed: Sec. 684(T.-S.).

3. **SCHOOLS AND SCHOOL DISTRICTS.** Failure of county court to hold election for office of county superintendent of schools at expiration of term held not to preclude election at subsequent term.

Where county superintendent, after expiration of term of office, held over under void law, attempting to extend his term from two to

State ex rel. Tidwell v. Morrison.

four years, *held* failure of county court to hold election for office at expiration of term did not preclude holding election at a subsequent term preceding the end of another full term of two years. (*Post, pp.* 64-66.)

Cases cited and approved: Lynch v. Lafland et al., 44 Tenn., 96; Conger v. Roy, 151 Tenn., —; Walmsley v. Franklin Co., 133 Tenn., 579; State ex rel. v. Taylor, 119 Tenn., 229.

Case cited and distinguished: Nashville Bank v. Petway, 22 Tenn., 522.

Codes cited and construed: Secs. 1481, 1365, 1378 (Tenn.); Secs. 5997, 1149, 6003 (T.-S.).

---

*Headnotes 1. Statutes, 36 Cyc., p. 1043; 2. Mandamus, 38 C. J., sections 315, 319, 546; 3. Municipal Corporations, 28 Cyc., p. 405.

---

FROM LAWRENCE.

---

Appeal from the Chancery Court of Lawrence County —Hon. Thos. B. Lytle, Chancellor.

Robert B. Williams, for appellants.

H. D. Derrick, for appellee.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a mandamus suit brought on relation of Tidwell and five other citizens and taxpayers against the county judge of Lawrence county to compel that official to call or give notice of an election by the quarterly county court of said county for superintendent of public

schools. The petition is obviously based on section 1149 of Thompson's-Shannon's Code requiring the presiding officer of the county court to cause public notice to be given at least three days before the meeting of the court, specifying the office to be filled at that court. A demurrer was interposed by the county judge and sustained by the chancellor, and the relators have appealed to this court.

The principal question arising in the case is as to the constitutionality of chapter 119 of the Acts of 1921.

Prior to the passage of this act of 1921, by section 1410 of Thompson's-Shannon's Code it was provided that a county superintendent of schools for each county should be elected by the county court biennially in January, to hold office for two years. It appears from the petition herein that a county superintendent for Lawrence county was elected by the quarterly county court of that county at its January term, 1923. No election was had at the January, 1925, term of said court for said office by reason of chapter 119 of the Acts of 1921, which act undertook to extend the term of county superintendents from two years to four years.

The caption and section 1 of said act are as follows:

"A act entitled an act to provide for the election of county superintendents by the county board of education, and to authorize said board to fix their salaries; to provide for a supplement to be paid by the State and the fund from which paid; and to provide certain qualifications for eligibility for the examination for a certificate qualifying for the position of county superintendent.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that in each county of the State the county superintendent, shall be elected by the county

court for a term of four years; provided, that this act shall not change the method of election of county superintendent in those counties where the superintendent is elected by popular vote.''

Other sections of the act are not material in the consideration of the case before us.

The contention of the relators that section 1, chapter 119, of the Acts of 1921, is unconstitutional must be sustained. The question is scarcely debatable.

In so far as the title of this act refers to the election of county superintendent, it is quite restrictive. It only authorizes such an election by the county board of education. A provision in the body of the act authorizing the county court to elect such official for a term of four years is therefore entirely beyond the scope of the title, and such legislation cannot be sustained under section 17 of article 2 of the Constitution.

Although we resolve every doubt in favor of section 1 of this act, and give this section the benefit of every presumption, still we cannot uphold a power given to the county court in an act, the title of which purports to confer such power on the county board of education.

Whether this defect goes to the integrity of the whole act is a question not necessary to be decided. Only section 1 is here involved.

Section 1 of chapter 119 of the Acts of 1921 being invalid, section 1410 of Thompson's-Shannon's Code remained in force at the time of the election of the county superintendent of Lawrence county in January, 1923, and his lawful term of office was therefore only two years His tenure of the office since the January, 1925, term of the quarterly county court of Lawrence county has been

as a holdover under section 5 of article 7 of the constitution to the effect that "every officer shall hold his office until his successor is elected or appointed, and qualified."

This brings us to other questions raised on the appeal.

It is urged by defendant that this suit for mandamus is not maintainable by these relators, but that it is neces sary for the district attorney-general to join in such proceedings.

A contrary rule has been stated by this court in the following language:

"Inasmuch as the people themselves are the plaintiffs in a proceeding by mandamus, it is not of vital importance who the relator should be, so long as he does not officiously intermeddle in a matter with which he has no concern. The office which a relator performs is merely the instituting a proceeding in the name of the people and for the general benefit." *Harris* v. *State ex rel.*, 96 Tenn., 496, 34 S. W., 1017.

See, also, *Mobile & Ohio R. Co.* v. *Wisdom*, 52 Tenn. (5 Heisk.), 125.

We think that citizens and taxpayers are entitled to bring mandamus to compel an officer charged with a ministerial duty concerning the election of public officials to perform that duty. Such citizens and taxpayers may compel such an officer to perform a ministerial duty preliminary to the holding of an election when he refuses so to do. Note, L. R. A., 1917F, 221.

*State ex rel.* v. *Board of Inspectors*, 114 Tenn., 516, 86 S. W., 319, and *State ex rel.* v. *Board of Inspectors*, 74 Tenn. (6 Lea), 12, were cases in which the power of the court to mandamus the Governor, a co-ordinate branch

of the government, was under consideration, and these cases do not conflict with the observations just made.

It seems to be well settled that officers charged with the conduct of elections may be compelled by mandamus to perform ministerial duties imposed by law (26 Cyc., 270), and, "where an officer or board is under a clear legal ministerial duty to give notice of and order an election, mandamus is an appropriate remedy to compel the performance of their duty" (26 Cyc., 272).

Likewise section 684 of Thompson's-Shannon's Code declares that—"The performance of any duty made incumbent by law upon the county may be enforced by mandamus from the circuit court, according to the nature of the case."

The term of the county superintendent of Lawrence county having expired at the January, 1925, term of the county court of Lawrence county it was the duty of defendant county judge to give notice of an election for this office. The performance of such duty might have been enforced by mandamus.

It is urged, however, that the county court of Lawrence county, having failed to hold an election for this office at its January, 1925 term, cannot lawfully hold such an election at a subsequent term, preceding the January, 1927, term. In other words, that the present incumbent of the office of county superintendent must hold over for another full term of two years.

This argument is not well founded. In *Lynch* v. *Lafland et al.,* 44 Tenn. (4 Cold.), 96, it appeared that the duty of electing a city physician was devolved upon the board of aldermen of the city of Memphis. For reasons stated in the opinion of the court, the board of aldermen

did not elect a city physician at the time specified by the charter, but an election of this official was had at a later meeting. Said election was upheld, and the court said:

"It is equally clear, we think, that the failure to elect on the charter day, even under the principles of the common law, as well as our own decisions and statutes, does not take away from the corporation, the right to hold the election afterwards, when the annual day of election, as in this case, has passed by without fraud or design. 2 Kent's Com., 295, Mar.; *Nashville Bank* v. *Petway*, 3 Humph., 522. See, also, Code of Tenn., sections 1481, 1365, 1378."

The general rule is to the same effect, and statutes fixing the time for holding an election by a municipal board are ordinarily construed as directory "to the extent of permitting and authorizing an election or appointment at a later day than that named in the law, where the body whose duty it is to elect or appoint upon a day certain neglects to perform the duty and the obligation still remains." 28 Cyc., 405. This principle has been lately recognized by this court in *Conger* v. *Roy*, 151 Tenn., 30, 267 S. W., 122, where a county clerk, holding over on account of a void election, was declared to hold only until the next biennial election, although the term of the county clerk is four years.

Inasmuch, therefore, as the obligation still rests upon the quarterly county court of Lawrence county to elect a successor to the county superintendent of schools elected at its January, 1923, term, that duty should be discharged at the first meeting of said body occurring after proper notices of this election have been given. Said election may be held at a regular meeting of the quar-

terly court or at a special meeting of the quarterly court properly called under section 5997, Thompson's-Shannon's Code. *Walmsley* v. *Franklin County*, 133 Tenn., 579, 182 S. W., 599.

We are of opinion, therefore, that the chancellor erred in sustaining the demurrer. A writ of mandamus will accordingly issue against the defendant directing him to give notice as required by section 1149, Thompson's-Shannon's Code, with respect to the election of a county superintendent of schools for Lawrence county to hold until January 1927. This election should be had at the next meeting of the quarterly county court of said county, special or regular, held a sufficient length of time hereafter to permit the notice on the part of the clerk of said court required by section 6003 of Thompson's-Shannon's Code.

It appearing that no valid defense can be made to the petition herein, this cause will be remanded to the chancellor, with directions to issue the peremptory writ, as indicated, according to the practice laid down in *State ex rel.* v. *Taylor*, 119 Tenn., 229, 104 S. W., 242.

Defendant will pay the costs.